**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Tammy Scowden,

        Plaintiff,                       Case No. 2:24-cv-3759

        v.                         District Judge James L. Graham
                                        Magistrate Judge Elizabeth P. Deavers

Fluor-B&W Portsmouth, LLC,

        Defendant.

<u>Opinion and Order</u>

This matter is before the Court on *sua sponte* consideration of its jurisdiction over the remaining claims in this action.  *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Plaintiff originally filed this case against her employer in the Pike County Court of Common Pleas.  Her complaint asserted claims under the Americans with Disabilities Act and the Rehabilitation Act for failure to accommodate her disability.  Her complaint also asserted state law claims for disability discrimination and retaliation under Ohio Revised Code § 4112.  Defendant removed the case to federal court on the basis of the claims arising under federal law.  *See* 28 U.S.C. §§ 1331, 1441.

Defendant moved for summary judgment.  In response, plaintiff acknowledged that an outside development has rendered her claims under the ADA and Rehabilitation Act no longer viable.  *See* Doc. 24 at PAGEID 1791 (referring to a favorable determination of her application for Social Security disability income).  *See also Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).  Plaintiff states that she is not pursuing her federal claims and does not oppose their dismissal.  *See* Doc. 24 at PAGEID 1791; *see also* Doc. 27 at PAGEID 1815 (defendant agreeing that the federal claims are subject to dismissal).  The Court thus dismisses the ADA and Rehabilitation Act claims.

Still remaining are the state law claims, over which the Court lacks diversity jurisdiction.  *See* 28 U.S.C. § 1332.  According to the pleadings, plaintiff is an Ohio resident and defendant is an Ohio limited liability company with its principal place of business in Pike County, Ohio.

Having dismissed the federal claims, the Court turns to the question of supplemental jurisdiction.  A trial court has broad discretion to exercise supplemental jurisdiction over state law

claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

"Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims."  *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007).  In determining whether to retain jurisdiction, a court should "consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

"Comity to state courts is considered a substantial interest" and thus a federal court "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'"  *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 Fed. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

This Court declines to exercise supplemental jurisdiction over the state law claims.  In addition to comity, several other factors weight against retaining jurisdiction.  One of them is that the Court has given no consideration to the merits of any of plaintiff's claims, as no motions to dismiss were filed.  *See Packard*, 423 Fed. App'x at 585 (noting that "no dispositive rulings had been issued"); *Gamel*, 625 F.3d at 952 (considering whether the federal court had already "invested significant time in the litigation"); *Talismanic Props., LLC v. Tipp City, Ohio*, 309 F.Supp.3d 501, 510 (S.D. Ohio 2017) (declining to exercise supplemental jurisdiction where "the federal claims have been resolved on procedural grounds without consideration of the merits of any of Plaintiffs' claims").  Further, the Pike County Court of Common Pleas is the more convenient venue for the parties, who are both located there.  *See Packard*, 423 Fed. App'x at 585 (noting that "litigation costs are lower in state court than in federal court" and that the litigants' discovery would be available for use in the state court proceedings).

Accordingly, the federal claims are dismissed and the Court REMANDS the remaining state law claims to the Pike County Court of Common Pleas.  *See Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) (holding that in a case removed from state court to federal court, where "all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed").

It is so ordered.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: March 16, 2026